[Cite as *State v. Rollins*, 2012-Ohio-1753.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. CT11-0040 |
| RICKY ROLLINS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2011-0151


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 18, 2012


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


ROBERT L. SMITH    ERIC J. ALLEN
Assistant Prosecuting Attorney    The Law Office of Eric J. Allen, Ltd
27 North Fifth Street    713 South Front Street
Zanesville, Ohio 43701    Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Defendant-appellant Ricky Rollins appeals the August 17, 2011 Entry entered by the Muskingum County Court of Common Pleas, which sentenced him to a twelve (12) month term of incarceration, following the trial court's acceptance of his guilty plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2} On July 6, 2011, Appellant appeared before the trial court, executed a waiver, and entered a plea of guilty to a bill of information, charging him with one count of domestic violence with a prior conviction, a felony of the fourth degree. In exchange for his plea, the State agreed to recommend community control and a drug and alcohol evaluation with Appellant following all recommendations. The trial court accepted Appellant's plea and ordered a pre-sentence investigation.

{¶3} Appellant appeared before the trial court for sentencing on August 15, 2011. Counsel for Appellant addressed the trial court, stating Appellant accepted responsibility for his actions, was remorseful, and had an alcohol problem which was the root of the domestic violence. Appellant also addressed the trial court. He stated he had been married for 25 years, his wife was willing to help him address his problems, and had three children, one of whom was stilling living at home. The trial court indicated it had reviewed Appellant's presentence investigation, which revealed Appellant was 50 years old and had had an alcohol problem since he was 19 years old. The trial court also noted Appellant had been in and out of treatment since he was 19 years old. The trial court concluded a treatment facility was not available and ordered Appellant to

serve a term of incarceration of twelve (12) months. The trial court memorialized the sentence via Entry filed August 17, 2011.

**{¶4}** It is from this entry, Appellant appeals, assigning as error:

**{¶5}** "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE AGREED UPON SENTENCE OF COMMUNITY CONTROL."

I

**{¶6}** In his sole assignment of error, Appellant contends the trial court erred in ordering him to serve a twelve (12) month term of imprisonment rather than placing him on community control as agreed to and recommended by the parties.

**{¶7}** Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id.*

**{¶8}** In *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, the Ohio Supreme Court held trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100, 845 N.E.2d 470. In *Kalish,* the Supreme Court explained, although *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left R.C. 2929.11 and 2929.12 intact and thus maintained the requirement that trial

courts consider them at sentencing. *Id.* at ¶ 13, 845 N.E.2d 470, citing *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 38.

{¶9} The *Kalish* court explained R.C. 2929.11 and 2929.12 serve as an "overarching guide for trial judges to consider in fashioning an appropriate sentence" and that "trial court[s] have full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." Moreover, R.C. 2929.12 permits a trial court to exercise its discretion in determining whether its sentence complies with the purposes of sentencing. *Id.* Assuming the trial court has complied with the applicable rules and statutes, we review the sentence within the permissible statutory range for an abuse of discretion. *Id.*

{¶10} We find Appellant's sentence is not contrary to law. The trial court expressly stated in its August 17, 2011 Entry it considered the two overriding purposes of felony sentencing set forth in R.C. 2929.11 and considered the seriousness and recidivism factors set forth in R.C. 2929.12. Furthermore, Appellant's sentence is within the permissible statutory ranges.

{¶11} Having satisfied step one, we next consider whether the trial court abused its discretion. *Kalish,* at ¶ 4, 19, 896 N.E.2d 124. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶12} We find the trial court did not abuse its discretion. The trial court considered the statutory factors under R.C. 2929.11 and 2929.12. The trial court also

considered the factual background of the case; the pre-sentence investigation report; and the plea recommendations.

{¶13} Appellant's sole assignment of error is overruled.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
RICKY ROLLINS                          :
                                       :
    Defendant-Appellant            :          Case No. CT11-0040


For the reasons stated in our accompanying Opinion, the judgment of the

Muskingum County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise _____
HON. JOHN W. WISE